Good morning, your honors, and may it please the court. I'm Mark Johnson from the California Attorney General's Office, representing the state on this matter here. Before I begin, I know there's some preliminary questions that you wanted the parties to address. Well, not the least of which is what do we do with the fact that the California Court of Appeal has apparently reopened and is sort of waiting for us while we wait for them? Who goes first, Mr. Johnson? This court does, your honor. Pursuant to a motion made by our office, made by me, the California Court of Appeal has stayed the pending state appeal following the remand in this case pending the outcome of this matter. If we wanted it to go ahead, would it be appropriate for us to enter an order saying you first, Alfonso? Well, that wouldn't resolve the issues that are currently before this court on the state's appeal. And if the state were to prevail in this matter, it would render moot the pending state appeal. So you're challenging the district court's finding that equitable tolling applied, which underlies the remand that triggered the reopening at the third district? Yeah, actually, both of the district court's finding, the district court's initial finding concerning equitable tolling, which is the state's principal concern, and the underlying grant for habeas relief to allow the petitioner to pursue a belated appeal. The successful resolution by our perspective of either one of those issues would moot the state court from examining this pending state appeal at all. So the district court would have to vacate its issuance of the writ if we grant your appeal in reverse? Actually, I think that your reversal would suffice to do that. Yeah, okay. All right. And concerning the other questions that this court raised, and there are several of them, they're concerning the same thing, essentially. And correct me if I'm wrong, but I think I understand what the court's concerns are concerning what's going to happen in the event that the state loses its appeal here. And in my view, what's occurred here is, A, the claims that are currently before this court have all been exhausted in the state courts, in my view. There was a claim raised in the district court that had not been exhausted. By the way, let me interject here. I'm hoping to retain five minutes for rebuttal. Okay. But anyway, the claims that are before the court now, petitioner's claims, have all been exhausted. And, therefore, whatever may happen in the future of state court proceedings has no effect on that. If the state court chooses to pursue state claims that are now before the state court, or additional federal claims that are before the state court, or the same federal claims that have been raised in federal habeas here, they can do so and perhaps grant relief under a more forgiving state standard. But in any event, in the state's view, petitioner has exhausted her one and only shot at state habeas. She had every opportunity to raise every federal challenge that she could to her judgment and sentence. And so, you know, any further federal proceedings at this point, regardless of what may happen in the state court after this point, would amount to a successive petition. Well, but the difference is that, according to Ms. Jones, she never had the ability to perfect her direct appeal. That's correct. But she's had every opportunity on earth to raise any federal constitutional claim already in the district court. And so, and she had every opportunity to exhaust any federal claim. The facts are that she was represented by three cads, one after another, the worst lawyers that one could imagine. So we say she had her opportunity to exhaust. She thought she had the help of lawyers, and she really didn't. May I interject? What I mean here is, is Petitioner, through appointed counsel, Ms. Hadrakis here, had the opportunity to go back to state court and exhaust. And, in fact, had every opportunity to go back to state court and exhaust all federal claims. And the characterization of these other – I'm not sure I would agree with Your Honor that they were cads. I'm not sure they were the greatest lawyers in the world. And I'm certainly – and let me make this perfectly clear. I am not here to – You're not here to defend them. I'm not here to defend lawyers Prantile and Dangler. I think Mr. Prantile has passed away, by the way. But neither one of them are practicing, that's for sure. But, counsel, so – but you're at a distinct disadvantage when you're trying to go on post-conviction relief as opposed to direct appeal. There are a number of barriers that you have that you wouldn't have on direct appeal. So why doesn't that make a difference in this case? Because – because whatever might happen in the same court, whatever claims that might be brought in the future would be reviewed under the same standard as the claims that were addressed in the district court already. And, like I said, the petitioner has had every opportunity to raise whatever claims she wanted to, to exhaust them in the state court and then raise them in the federal court under the same – But why did the district court give relief then? The district court gave relief on the grounds of ineffective assistance of appellate counsel solely. And that's a mystery to me, frankly, as to why the district court shot down the merits of all the claims but then said that the petitioner is entitled to a new appeal. But, actually, that's not my principal argument here. My principal argument is that the district court should have never gotten to the merits of any of these claims in the first instance because of a very gross and woeful violation of the one-year statute of limitations under ADPA. But that's where the equitable tolling comes in, in terms of the ineffective assistance of counsel and not perfecting her appeal. Is your argument that she didn't have a right to an attorney, so the ineffective assistance of counsel consideration never comes into play? No. I'm saying that's an entirely distinct question, in my view, Your Honor. Okay. So tell me why equitable tolling doesn't apply to make her – to give her additional time to file her habeas case in a federal court. Well, additional time perhaps due to some malfeasance, if you can even call it malfeasance, on the part of her retained attorneys. But what happened here, we're talking about extreme, extraordinary delay. And I understand under the recent Holland case that equitable tolling does exist under ADPA, but there's got to be limits to it. And this case exceeds all boundaries. And as we know from Holland, from Pace, from the Supreme Court cases. Okay. So walk us through the timeline as to when you think equitable tolling would no longer apply in this case. I'm not sure it would apply at all. But if it would, it would apply for brief instances. And I've made a brief timeline here because I figured I'd need one. The petitioner was sentenced in March of 1976, and her conviction became final on May 11th of – Did you say 76? 96. The case is old, but it's not that old. I was going to say, man, did I miss that. It's not that – I'd really have a strong case for no equitable tolling. Yes, you would. But – and what happened here is the petitioner had the right to get a State-appointed counsel to perfect her appeal in California by means of obtaining a certificate of probable cause to appeal. She didn't do it. Instead, she chose to seek out her own attorney. Right, but she's entitled to effective assistance from that attorney. But she still has to hire the attorney. And she didn't – Mama was hiring all these lawyers. Mama hired the lawyer, but she didn't – it wasn't until nearly 18 months after the conviction that Mama was able to provide the lawyer, the retainer, the required – No, no. Mama gave the attorney a retainer but didn't fully pay him. And he was waited until he was fully paid. But he was retained already. And so that's not – do you think that's chargeable to the defendant because her attorney held them up for more money before he would file the papers? I see nothing in the record that says that the initial $2,000 was sufficient for him to take on the appeal. It was sufficient for him to start working on the paperwork. But even with that aside, and assuming that he should have filed a notice of appeal, she waited for years before doing anything with this attorney. And she never voiced concerns about, hey, let's get busy here. I'm on an ADPA deadline. In fact, this case is almost a mirror image of the Holland case where the defendant was on as attorney. Please don't blow the ADPA deadline. Please do this. Not every defendant is that knowledgeable to know that there's a federal deadline that's looming over the state proceedings when you hire an attorney to do – I mean, a very sophisticated defendant would think, okay, I'm being told. My statute of limitations is being told because I have this attorney who's working on my case. So I'm not sure that you can make the presumption that she was less than diligent because her attorney was less than diligent. Well, but under the rule here, though, the fact that she might have not been legally sophisticated is not sufficient to establish equitable tolling. Counsel, it strikes me that part of the problem with your argument is there was no evidentiary hearing on equitable tolling in the district court before the district court granted equitable tolling. Would it enhance the determination here if we remanded for an evidentiary hearing? No, I don't think so because as a matter of law, even putting aside everything, all the allegations concerning the lawyer, she waited 18 months. She waited around for 18 months before her attorney did anything. But we don't know why. And there's periods when she was not represented. She knew within a few years of her conviction that she retained the right to file pro se petitions. In fact, she did so in the State court, and her initial petition in Federal court was pro se. She went for a period between lawyers of eight months of inactivity. After she finally fired her second attorney, she waited almost exactly an entire year. I think it was, in my calculations, 11 months and 24 days before filing her. But I guess what I'm asking you, and I understand you don't want to concede it, but what I'm asking you is you're making the argument based solely on the passage of time. And we don't know why, given the fact that she was represented by clearly bad lawyers, all this time elapsed. Well, due diligence required her to do more than sit around. But how can we determine whether she was in fact diligent with nothing but dates? Because even during these periods where she wasn't represented, she sat in her rights. We don't know when she was and when she wasn't. I mean, you've already raised a factual dispute as to when Mr. Green arrived to complete the financial arrangements for the first lawyer. Do we just assume it took 18 months before her mother came up with an evidence? Well, the district court did make factual findings concerning the periods between the time she was represented by the two attorneys and the time after she was no longer represented. And that period alone is well over a year. And in addition to the other ---- On what basis did the district ---- were there declarations from the lawyers? There was a whole host of documents submitted by Petitioner to chronicle the dates and times of all of this stuff. And, again, the district court's factual findings are correct. In all of those documents, the Petitioner never ---- she agreed that she was ---- that she had the ability to file papers but just didn't do it? Any explanations for why they weren't filed? The only excuse was that she didn't have access to the legal records, but the nature of her claims wouldn't require that. Her claims were essentially my lawyer misled me, the judge misled me to believe I was going to get a year's sentence instead of 25 to life. I'm running real low on time here, so if you don't mind, I'll reserve the rest of the minute. Sure. We'll hear from counsel for the Petitioner. May it please the Court. My name is Stephanie Adractis, and I represent Tracy Jones, the Petitioner. I'd like to first briefly address the panel's questions that were submitted in writing. I do agree with Respondent's counsel, of course, that Ms. Jones's claims are exhausted. But as to whether the Court should decline to address the arguments on cross-appeal or stay and obey, I think that issue is in part addressed in the Supreme Court opinion in Burton v. Stewart, which is also a case that deals with a petition that is before a Federal court of appeal while State court of appeal proceedings are pending. In that case, the Burton court stated at page 157 that under 2254A, as long as there is a State prisoner who is in custody, the court shall entertain the petition, and so the pendency of the State proceedings, the State appellate proceedings didn't matter. Now, if the State grants her a direct appeal and relief is afforded, she's allowed to withdraw her plea and either replead or go to trial, doesn't that moot all of the claims on her cross-appeal? It would. So why should we exhaust the resources of a very busy district judge in the Eastern District if she might get relief from the State court of appeal? Her arguments on cross-appeal, I believe this Court should grant the writ as to her the validity of her guilty plea, which is a question of law that this Court, I think, can and should decide. The issues that ---- But that assumes that she can overcome the equitable tolling issue, which the State is appealing. I understand that, Your Honor. And I urge the Court, of course, to affirm the district court's decision. And as Judge Fletcher pointed out, these are extraordinarily bad lawyers. And their criminal records alone, their prison sentence, I mean, this is very mind-boggling conduct that we see here in their record. And one of the things I want to point out with respect to counsel's argument that Ms. Jones' mother, quote, unquote, waited 18 months to hire Mr. Prantill, Ms. Jones' mother gave Mr. Prantill $2,000 well within the 60-day timeline to file a petition for a certificate of probable cause and a notice of appeal. He wrote a letter to Ms. Jones, which is in the excerpt of the record, acknowledging receipt of that, giving her the retainer agreement. Mr. Prantill's pattern and practice and the unscrupulous conduct that he continuously engaged in was to essentially extort additional money from habeas petitioner's families while he told them, you know, unless you give me more money, I'm not going to file anything. And I provided in my excerpts examples of other cases arising from the same district where the district court made findings that Mr. Prantill actually defrauded these individuals, his clients, in this way. Let me interrupt you and ask, before the State court, what is the potential relief that is available to her? Your Honor, I have submitted the appellant's opening brief, and I ask this Court to take judicial notice of it. The claims that are raised in that appeal do request that Ms. Jones be allowed to withdraw her plea pursuant to the California Penal Code section that deems this to be a tentative plea. I believe that that code section was not complied with in this case because Ms. Jones was not allowed the option to withdraw her plea at sentencing, and when there was an adverse decision made with respect to the sentencing choices that were before the court. So she could be sent back. Now, let me ask another question. What's the timeline as far as you know for action in State court? The State court of appeal, as counsel pointed out, he did move to stay the proceedings in the State court of appeal, and that motion was granted in January. Well, if we should decide that essentially the State court should be getting the first shot at this, and we say that, then I assume that the State court would lift the stay. And then what would the timeline as far as you know be there in State court? Your Honor, having done some appeals in State court, I have seen cases be resubmitted such that the court grants itself essentially additional time to render a decision, so I can't say with certainty the court would issue an opinion within a specific time period, but I would hope, you know, within six months, you know, I would get a decision, but I can't say for sure how that would go. And then, of course, Ms. Jones could petition for review to the California Supreme Court, et cetera. Sure. I understand all of that, but I don't know what the view of my co-counsel, co-colleagues is, but it seems that it's a case where the State should have the first say in these matters. And, Your Honor, when Ms. Jones submitted her petition for writ of habeas corpus to the California Supreme Court on these same claims that are in the cross-appeal, they had that opportunity, and they had Ms. Jones's declaration, they had trial counsel's declaration where he admitted that he assured her that if she did not get a one-year sentence, that he could and would move to withdraw her plea, and that that. The difficulty procedurally is this case would not be back in the State court but for the federal ruling remanding it back. So, in a way, we need to resolve whether or not this system was correct in sending the case back to State court, because if we reverse the district court's ruling, then the State wouldn't have any reason to revisit the case. And, Your Honor, as set forth in my briefs, I believe the district court's ruling as to ineffective assistance of appellate counsel is absolutely correct under Roe v. Flores, Ortega, and Sandoval-Lopez. But what about opposing counsel's observation that even if we accept the ineffective assistance of counsel, there's not enough equitable tolling to make the petition timely in view of the times when the petitioner was unrepresented and still didn't exercise diligence in filing pro se papers? Your Honor, I have a couple responses to that. One is the recent Holland decision where the Supreme Court clarified that what a petitioner needs to show for equitable tolling is reasonable diligence, not maximum feasible diligence. And what we've shown here is reasonable diligence under the circumstances. What did you show? We, in our excerpts of record, I've shown a continuous history of Ms. Jones hiring lawyers who continuously misled her about what they were doing on her case and what was going on. I submitted all of Mr. Prantill's letters that I could. What about when she wasn't represented by lawyers? During those periods, she was seeking assistance from the State bar to try to get her files from those same lawyers. And I would contest counsel's statement that she didn't need those files to prepare her claims. The district court found to the contrary, that she could not produce a meaningful petition without her files. And there are a number of reasons for that. One is because her trial lawyer at her sentencing made a very broad presentation about why the charges against her were false. And she knew that those documents, the information about his investigation and what had happened with these witnesses was in his file. She never was able to get it. What I reproduced in the brief was the ridiculous response that trial counsel gave to her finally, after a very long period of attempting to get the file, that he just didn't have it. And she's never been able to get that file. And secondly, Mr. Prantill likewise ignored her request. When I wrote to Mr. Prantill and said, please give me Ms. Jones's file, I included his response in the record. He said he never represented her. I gave as well in my excerpts, you know, how many? Seven, eight letters where Mr. Prantill assured Ms. Jones he was taking action on her behalf. He was clearly her lawyer. This was just an outrageous record of misconduct and of failure to provide the client, the person who's in prison, with the records that she needs. But I still don't understand why if we uphold the district court's ruling that if Ms. Jones complies, stay and abate your cross-appeal claims, that she still can't get adequate relief from the district court of appeal, which presumably will then proceed to process her appeal. It is possible, Your Honor, and I did research that question. I could not find a case in a similar procedural posture to this one. What I did find was the language in Burton which suggested that the federal court could and should go forward under 2254A. This is almost like, I can't think of the legal doctrine, but it's almost like a situation where you have two identical cases filed, one in state superior court and one in federal district court, and they're sort of proceeding on parallel tracks. But at some point, one of the courts is going to have to try the case, and it doesn't make sense to have two trials on the same issue. That seems to be the situation that we're in. There is a distinction here, and that is the issues are not the same. If you look at the appellant's opening brief that was filed by myself or Ms. Jones in state court. But isn't the whole thrust of this case is that I should have been allowed to withdraw my plea because the judge assured me when I entered it that if he decided to go felony, it was only a conditional plea. And those two core constitutional claims are what are before this Court. But why aren't they before? You're confusing me. I don't understand. Isn't that the heart of what's now before the third district court of appeal? They're not the same claims. And the reason I didn't bring exactly the same claims is because she already brought those claims in that state supreme court petition. But if there's a federal writ that says, look, state, either you release Ms. Jones or you allow her to pursue a challenge to the plea, the state's going to have to make a choice. Either they let her go or they give her an appeal. Or they may say we already did. We already gave her the opportunity to challenge her plea. Is that what you're saying? Well, what I'm saying is that the claims that are raised in the current appeal are not the same claims because the federal constitutional claims are here. Related state claims are there. Cutting through the names of the claims. Has she had an opportunity in state court to say, I should have been allowed to withdraw my plea and I wasn't given that opportunity? In the state supreme court petition. She already made that argument to the state. Yes. And it didn't fly. They issued a postcard denial, just said denied. And so that was the California supreme court's decision on her plea. And the district court agreed with the state court on that point, right? Well, you know, we're in a different posture when there's no analysis from the state court and there wasn't. Bottom line, though, the district court said that it was not an AEPA violation for that ruling, right? Correct. And to get into that subject, I submit that the district court's analysis of the plea in this case was not consistent with this court's and the United States supreme court's decisions regarding the validity of pleas because the analysis does not look at the plea through the eyes of the defendant, what she reasonably believed and what induced her to enter the plea. I'm just talking about procedurally. I don't know if we can remand that matter back to the state court if the state court has already heard that matter and resolved it. This court could issue the red despite the state court's decision to the contrary. We'd have to reverse the district court to do that. Correct. And that's the subject of my cross appeal. And I believe it's clearly the case from the record of proceedings and the record of the plea that Ms. Jones was told by her lawyer, he assured her if this decision doesn't go your way, I will withdraw the plea. That's not a prediction. It's a promise. And when she was in front of the plea hearing judge, he told her this is a tentative agreement. You can withdraw this at sentencing if I don't abide by the plea. Well, what does that mean to a person in her shoes? He didn't abide by the plea. He sentenced her in accordance with her guilty plea. It was not the same judge. And so there was that initial problem that they switched, and the second judge did not appear to even be aware that there was a motion to reduce the charge when he got on the record. He said literally the three strikes, what do we care? Did she get the benefit of anything in this case? No. And also, the analysis in the district court does not address the fact that the lawyer told her what this really means is that if you don't get the benefit of a misdemeanor sentence, I will withdraw the plea. The plea hearing judge never explained to her, no, no, that's not the case. Maybe he didn't know her lawyer told her this. Given what this lawyer's record is, what he's done, how would the judge necessarily know? But that's what he told her. But the procedural posture of this case is very challenging in terms of getting to that issue. It has been a very challenging case. And, Your Honor, I understand that. I do submit the language I found in Burton does support the notion that this Court can and should go forward on the Federal constitutional claims despite the pendency of a State appeal, that even though they're parallel, that these are separate issues. The only subject I believe I have not addressed has been the ineffective assistance of counsel based on counsel's failure to recognize that his arguments with respect to her innocence should have led him to advise her not to enter the plea that he clearly had evidence in his file to show that these charges were not correct. Okay. Thank you very much, counsel. I think your opponent has just a little bit of time left. Petitioner's argument concerning equitable tolling concerns entirely what other people did, what her lawyers did. But equitable tolling focuses on what the defendant did or didn't do, due diligence. Under these circumstances, if due diligence and the causal connection to equitable tolling were met, it would essentially nullify that component for equitable tolling in all cases concerning attorney malfeasance. Given the extraordinary delay here, even during the times when she was represented by counsel, it just rationally cannot be said that she acted with due diligence. She just sat around and waited for one attorney after another to bring State writs. And then even during, as I said, even during those periods when she wasn't represented and during which she knew that she could file her own petitions, she waited. She waited almost a year. After the California Supreme Court exhausted, she waited nearly eight months in between lawyers. And this argument about what constitutes a, you know, a substantial petition, well, she did file a petition in the district court, and here we are. She got relief on that petition. So, I mean, it was enough. She had some relief. But it certainly can't be said that her claims went unnoticed. I mean, this case has been litigated to death for years. Counsel, your time has expired. Thank you, Your Honor. Thank you both. The case disargued is submitted, and we are adjourned. All rise.
judges: Fletcher B. , Tallman, Rawlinson